E-Filed – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-6344-GHK (PLAx) | Date | October 10, 2013 |
|---|---|---|---|
| Title | *Marie Howe, et al. v. Coloplast Corp., et al.* | | |

| Presiding: The Honorable | GEORGE H. KING, CHIEF U.S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **(In Chambers) Remand Order**

On September 11, 2013, we ordered Defendants to show cause why the above-captioned matter should not be remanded to state court for lack of subject matter jurisdiction. We noted that Defendants' Notice of Removal ("NOR") asserted that we have subject matter jurisdiction under 28 U.S.C. § 1332 based upon diversity of citizenship, but that, as Defendants acknowledged in their NOR, diversity does not exist on the face of the complaint, as two plaintiffs are citizens of the same states as two defendants. We further explained that we were not inclined to adopt the "fraudulent misjoinder" doctrine, which Defendants requested we adopt, to dismiss the two non-diverse Plaintiffs.

On September 25, 2013, Defendants timely filed a response to our OSC. In their Response, Defendants again requested we adopt the doctrine of fraudulent misjoinder, or alternatively, that we either defer ruling on the remand question until a determination has been made in their pending request to the MDL Panel to transfer this action to the Southern District of West Virginia or transfer this action to Judge Bernal, who has related cases pending before him. We decline to do any of the foregoing.

As a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), we must determine the issue of subject matter jurisdiction before reaching the merits of a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). The removing party bears the burden of establishing the existence of federal subject matter jurisdiction, and if there is any doubt as to whether removal was proper, remand is required. 28 U.S.C. § 1447(c); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). We need not postpone such a ruling merely because an MDL transfer motion has been filed. *See Totola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 F. Supp. 1186, 1188-89 (N.D. Cal. 1997). "To stay this case pending a decision by the MDL Panel would waste judicial and other resources and would not promote the efficient administration of justice." *Stone v. Baxter Int'l, Inc.*, 2009 WL 236116, at *2 (D. Neb. Jan. 30, 2009). Further, "a determination of the fraudulent misjoinder issues raised in this case requires an application and analysis of Ninth Circuit law, and this Court is in as good a position, if not better, to apply the law of this circuit than a court in West Virginia." *Goodwin v. Kojian*, 2013 WL 1528966, at *3 (C.D. Cal. Apr. 12, 2013).

E-Filed – **JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-6344-GHK (PLAx) | Date | October 10, 2013 |
|---|---|---|---|
| Title | *Marie Howe, et al. v. Coloplast Corp., et al.* | | |

  As we explained in our OSC, the Ninth Circuit has recognized an exception to the complete diversity requirement where a nondiverse defendant has been "fraudulently joined." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1997). Under the "fraudulent joinder" doctrine, a district court may disregard the citizenship of a nondiverse defendant if it is obvious that the plaintiffs have failed to state a claim against that defendant. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). The Ninth Circuit has not, however, recognized the doctrine of "fraudulent misjoinder," which permits the court to ignore the citizenship of nondiverse parties when there is no real connection among the plaintiffs' claims, such that plaintiffs' joinder of the parties is "so egregious as to constitute fraudulent joinder." *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), abrogated on other grounds by *Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2011). This doctrine has only been recognized by the Fifth and Eleventh Circuits. *See Id.* at 1360; *accord In re Benjamin Moore & Co.*, 318 F.3d 626, 630-31 (5th Cir. 2002).

  Even if we were to adopt the doctrine of fraudulent misjoinder, it is not clear that the joinder in this case is "so egregious as to constitute fraudulent joinder." *See Tapscott*, 77 F.3d at 1360; *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 624 ("[A]bsent evidence that plaintiffs' misjoinder borders on a 'sham,' we decline to apply *Tapscott* to the present case." (citation omitted)). Thus, Defendants have not met their burden to establish complete diversity of citizenship between the parties. Accordingly, this case is hereby **REMANDED** to the state court from which it was removed. In light of the foregoing, Plaintiffs' Motion to Remand (Dkt. 22), currently noticed for hearing on November 4, 2013, is **DENIED as moot**, and the hearing date is **VACATED**.

  **IT IS SO ORDERED.**

| | -- | : | -- |
|---|---|---|---|
| | Initials of Deputy Clerk | | Bea |